*602 OPINION.
Littleton :
No portion of the work representing a claim of expenditure of $5,926.67 was performed in the year 1920. At the end of the year 1920 the petitioner had incurred no liability to any one in respect of the amount which might be necessary to remove the roof of the mine. Petitioner claims that the expenditure of this amount was “ incurred ” in the year 1920 because it knew at the close of 1920 that in order to proceed with its mining operations in the year 1921 it would be necessary for it to pay this amount, but knowledge of a taxpayer that some expenditure, even though determinable in amount, will have to be paid or incurred in the following year for certain work necessary, if its operations are continued, is not sufficient to justify a deduction of such amount in the taxable year in which it is neither paid nor liability therefor incurred. In these circumstances we are of the opinion that the reserve was not a proper deduc *603 tion from gross income. William J. Ostheimer, 1 B. T. A. 18; Consolidated Asphalt Co., 1 B. T. A. 79; Uvalde Co., 1 B. T. A. 932; Morrison-Ricker Manufacturing Co., 2 B. T. A. 1008; H. V. Greene Co., 5 B. T. A. 442; Hirst & Begley Linseed Co., 4 B. T. A. 1160.
The Board is of the opinion that the Commissioner was in error in declining to allow the xietitioner a deduction of any amount in the year 1920 on account of the debt of the Interstate Coal & Dock Co. The debt was wholly worthless and was so determined within the taxable year, and $15,608.52 was charged off in the return. In the petition only $15,608.52 is claimed as a deduction. The amount claimed, to wit, $15,608.52, was a xu’oxier deduction from the gross income for 1920. Mason Machine Works Co., 3 B. T. A. 745, and Higginbotham-Bailey-Logan Co., 8 B. T. A. 566.
The petitioner claims that because the trustee in bankrux>tcy reduced its claim of $44,443.40 by the amount of $9,543.34, representing the amount of 50 cents a ton added to the price mentioned in the contract on account of an increase in the miners’ wages occurring prior to shipment of the coal in question, its income from sales should be correspondingly reduced, but the evidence is not sufficient to warrant us in holding that this should be done. The evidence submitted by the petitioner is to the effect that the contract with the Interstate Company specifically provided that the Interstate Company would pay $4.50 a ton for the coal and that this price should be increased by whatever amount should be necessary to take care of any increase which the petitioner might be compelled to make in the wages of its miners.
Reviewed by the Board.

Judgment will he entered on 15 days’ notice, under Rule 50.